**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MYESHA-NASHEE CHAMBERS,<br>*Plaintiff,*<br>v.<br>RICHARD ULRICH, NANCY ULRICH, TREVOR (LNU), KATHLEEN WATSON, and KURT A. HOLMES,<br>*Defendants.* | Case No. 6:25-cv-01173-AWM-GEB |

**MEMORANDUM AND ORDER**

Plaintiff Myesha-Nashee Chambers sued her former landlords, their attorney, a process server, a state-court judge, and two state-court clerks under 42 U.S.C. § 1983, challenging a 2025 small-claims action, the eviction that followed, and the removal of her property. Docs. 1, 4.[1] United States Magistrate Judge Gwynne E. Birzer granted Plaintiff leave to proceed in forma pauperis, screened her pleadings under 28 U.S.C. § 1915(e)(2), and issued a Report and Recommendation. Docs. 6, 7.[2] Judge Birzer concluded that the pleadings do not identify what each defendant allegedly did; that the landlords, their attorney, and the process server are not state actors; that the state-court judge and clerks are immune; and that the Court should decline supplemental jurisdiction over any state-law claims. Doc. 7 at 9–18. She therefore recommended that Plaintiff's federal claims be dismissed under § 1915(e)(2) and her state-law claims be

[1] Plaintiff proceeds pro se. The Court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers, but it does not assume the role of her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The case was originally assigned to Judge Eric F. Melgren and was reassigned to the undersigned on June 23, 2026, the day the Report and Recommendation issued. Doc. 8.

dismissed for lack of jurisdiction. *Id.* at 19.[3] The Report and Recommendation advised Plaintiff that she had fourteen days to object and that she must object within that period to preserve appellate review. *Id.* at 1. Plaintiff did not object, and the time to do so has passed.[4]

When no party objects, the Court "may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has nonetheless reviewed the Report and Recommendation and the pleadings de novo and agrees with Judge Birzer's analysis and recommended disposition.

**IT IS THEREFORE ORDERED BY THE COURT** that Judge Birzer's Report and Recommendation (Doc. 7) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED BY THE COURT** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment accordingly and to close the case. The Clerk shall mail a copy of this Memorandum and Order and the judgment to Plaintiff at her address of record.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge

---

[3] The Report and Recommendation recommends dismissing any state-law claims "for lack of jurisdiction." Doc. 7 at 19. The Court clarifies the basis for that disposition. Because Plaintiff's § 1983 claims arise under federal law, the Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a). Dismissing the federal claims for failure to state a claim does not divest the Court of that jurisdiction; rather, the Court "retain[s] its statutory supplemental jurisdiction over the state-law claims," and whether to exercise it is a discretionary choice, not a jurisdictional one. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). The Court declines to exercise supplemental jurisdiction under § 1367(c)(3). *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). That is the substance of Judge Birzer's analysis, Doc. 7 at 18–19, and the result is the same: any state-law claims are dismissed without prejudice.

[4] The Report and Recommendation was mailed to Plaintiff at her address of record and was returned as undeliverable, Doc. 10, as was the order reassigning this case, Doc. 9. Service was nonetheless complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), and it is Plaintiff's responsibility to keep her address current with the Clerk, D. Kan. Rule 5.1(b)(3). She has filed nothing in this case since August 26, 2025. *See* Docs. 4, 5.